SCOTT N. SCHOOLS, SCSBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZAKARIA F. IDLE and ARFON M. SHERIFF,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security (DHS); ALBERTO GONZALES, United States Attorney General; EMILIO T. GONZALEZ, Director of United States Citizenship and Immigration Services (USCIS); DAVID STILL, San Francisco District Director of USCIS; PAUL NOVAK, Director Vermont Service Center of USCIS; GERARD HEINAUER, Director Nebraska Service Center of USCIS; ROBERT S. MUELLER, III, Director of Federal Bureau of Investigation, CONDOLEEZZA RICE, Secretary of the Department of State,<br><br>Defendants. | No. C 07-2345 HRL<br><br>**ANSWER** |

Defendants hereby submit their answer to Plaintiff's Complaint for Mandamus, Declaratory and Injunctive Relief.

1. Paragraph One consists of Plaintiffs' characterizations of the lawsuit for which no

ANSWER
C07-2345 HRL                                1

1  responsive pleading is required; however, to the extent a response is deemed to be required, the
2  Defendants deny the allegations in Paragraph One.

### PARTIES

2. Defendants admit that Plaintiff Idle is a native of Somalia; however, Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph Two.

3. Defendants admit the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants deny the allegations in Paragraph Six because Rosemary Melville is the San Francisco District Director of USCIS.

7. Defendants admit the allegations in Paragraph Seven.

8. Defendants admit the allegations in Paragraph Eight.

9. Defendants admit the allegations in Paragraph Nine.

10. Defendants admit the allegations in Paragraph Ten.

### JURISDICTION

11. Paragraph Eleven consists of Plaintiffs' allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Eleven.

12. Paragraph Twelve consists of Plaintiffs' allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that the jurisdictional provisions of INA § 242, 8 U.S.C. § 1252, do not apply.

### VENUE

13. Paragraph Thirteen consists of Plaintiffs' allegations regarding venue, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, the Defendants are without sufficient information or knowledge to either admit or deny Plaintiffs' allegations regarding venue.

## INTRADISTRICT ASSIGNMENT

14. Paragraph Fourteen consists of Plaintiffs' allegations regarding intradistrict assignment, to which no responsive pleading is required.

## EXHAUSTION OF REMEDIES

15. Defendants deny the allegations in Paragraph Fifteen.

## CAUSE OF ACTION

16. Defendants admit the allegations in Paragraph Sixteen.

17. Defendants admit the allegations in Paragraph Seventeen.

18. Defendants admit the allegations in Paragraph Eighteen.

19. Defendants admit the allegations in Paragraph Nineteen.

20. Defendants admit the allegations in Paragraph Twenty.

21. Defendants admit the allegations in Paragraph Twenty-One.

22. Defendants admit the allegations in Paragraph Twenty-Two.

23. Defendants admit the allegations in Paragraph Twenty-Three

24. Defendants admit the allegations in Paragraph Twenty-Four.

25. Defendants admit the allegations in Paragraph Twenty-Five.

26. Defendants admit the allegations in Paragraph Twenty-Six.

27. Defendants admit the allegations in Paragraph Twenty-Seven.

28. Defendants admit the allegations in Paragraph Twenty-Eight.

29. Defendants admit the allegations in Paragraph Twenty-Nine.

30. Defendants deny the allegations in Paragraph Thirty. Plaintiffs' Refugee/Asylee Relative Petitions (Form I-730) have been adjudicated.

31. Paragraph Thirty-One consists of Plaintiffs' characterization of the lawsuit, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendants deny the allegations in this paragraph.

32. Defendants deny the allegations in Paragraph Thirty-Two. Plaintiffs' I-730 applications have been adjudicated, rendering the remaining the I-824 and I-765 applications moot.

33. Defendants deny the allegations in Paragraph Thirty-Three.

1    34.  Paragraph Thirty-Four consists of Plaintiffs' description of their damages, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendants deny the allegations in this paragraph.

4    35.  Defendants deny the allegations in Paragraph Thirty-Five. Plaintiffs' I-730 applications have been adjudicated.

6    36.  Defendants deny the allegations in Paragraph Thirty-Six.

7    37.  Defendants deny the allegations in Paragraph Thirty-Seven.

8    38.  Defendants deny the allegations in Paragraph Thirty-Eight.

## PRAYER

39.  Paragraph Thirty-Nine consists of Plaintiffs' prayer for relief and request for costs and attorney fees, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny these paragraphs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because Plaintiffs cannot establish that Defendants' duty to act is ministerial, that no other adequate remedy is available, or that Plaintiffs have a clear right to the relief sought, *see* 28 U.S.C. § 1361, and the matter is discretionary.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice; that Plaintiffs take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

1  Dated: November 1, 2007              Respectfully submitted,

2                                       SCOTT N. SCHOOLS
                                        United States Attorney
3

4                                            /s/
                                        EDWARD A. OLSEN
5                                       Assistant United States Attorney
                                        Attorneys for Defendants
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER
C07-2345 HRL                            5